IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BARBARA SPITZ and WILLIAM SPITZ, | ) |
| Plaintiffs, | ) |
| WPS HEALTH PLAN and MEDICARE, | ) Case No. 11-cv-01102 |
| Subrogated Plaintiffs, | ) |
| vs. | ) |
| MIDWEST AIRLINES, INC., FRONTIER AIRLINES, INC., | ) |
| Defendants. | ) |

**DEFENDANTS MIDWEST AIRLINES, INC. AND FRONTIER AIRLINES, INC.'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO BILL OF COSTS**

NOW COME Defendants, MIDWEST AIRLINES, INC. AND FRONTIER AIRLINES, INC. (hereinafter "Defendants"), by and through their counsel, ADLER MURPHY & McQUILLEN LLP, and respond to Plaintiffs' objections to their Bill of Costs as follows:

1. All of Defendants' identified costs should be considered recoverable costs given the extraordinary circumstances of this case. (See Ex. A) Specifically, a surveillance recording recently obtained clearly and unambiguously shows that Plaintiffs filed a frivolous lawsuit. (See Ex. A) These identified costs are miniscule compared to the fees (in excess of $20,000) that Defendants have incurred as a result of defending against this frivolous lawsuit.

2. 28 U.S.C. § 1920 provides for taxation of fees of the clerk, which includes the fees that a defendant incurs to remove a case to federal court. "Plaintiff's choice to file in state court should not place defendants in a worse position with respect to recovery

of costs than if plaintiff had filed the case in federal court at the outset." *Beckham v. Stiles*, No. 06 C 978, 2009 U.S. Dist. LEXIS 119027, 2009 WL 4667256 (E.D. Wis. 2009). Courts have routinely concluded that a removal fee paid is a taxable cost. *Aguirre v. Turner Constr. Co.*, No. 05 C 515, 2008 U.S. Dist. LEXIS 87143, 2008 WL 4790392, at *3 (N.D. Ill. 2008); *Reese v. Karl Schmidt Unisia, Inc.*, No. 1:07-CV-98-PPS, 2008 U.S. Dist. LEXIS 61632, 2008 WL 3465932, at *2 (N.D. Ind. 2008). In the same vein, the admission of Defendants' national counsel to the Eastern District of Wisconsin for the limited purpose of defending against this frivolous claim should be considered part and parcel to the removal of the case. Thus, the attorney admission fee should also be considered recoverable.

3. Here, Defendants are the prevailing parties and should be awarded all of their costs. Further, the dubious circumstance under which Plaintiffs brought this case weighs heavily in favor of awarding all of Defendants' costs.

**WHEREFORE**, Defendants, MIDWEST AIRLINES, INC. and FRONTIER AIRLINES, INC., respectfully request that all of their identified costs be considered recoverable taxable costs.

Dated: April 16, 2012          **MIDWEST AIRLINES, INC. and FRONTIER AIRLINES, INC.**

By: /s/ Brian T. Maye
    One of their Attorneys

Brian T. Maye
ADLER MURPHY & McQUILLEN LLP
One North LaSalle Street, Suite 2300
Chicago, Illinois 60602
(312) 345-0700 (Phone)
(312) 345-9860 (Fax)
Firm No. 32597

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 16, 2012, I electronically filed Defendants' Response to Plaintiffs' Objections to Bill of Costs by using the CM/ECF system, which will send a notice of electronic filing to the parties of record.

/s/ Brian T. Maye