IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BARBARA SPITZ and WILLIAM SPITZ, | ) |
| Plaintiffs, | ) |
| WPS HEALTH PLAN and MEDICARE, | ) Case No. 11-cv-01102 |
| Subrogated Plaintiffs, | ) |
| vs. | ) |
| MIDWEST AIRLINES, INC.; FRONTIER AIRLINES, INC.; ABC INSURANCE COMPANY (a fictitious name); and XYZ INSURANCE COMPANY (a fictitious name), | ) |
| Defendants. | ) |

**DEFENDANTS MIDWEST AIRLINES, INC. AND FRONTIER AIRLINES, INC.'S OBJECTION TO PLAINTIFFS' MOTION TO DISMISS**

NOW COME Defendants, MIDWEST AIRLINES, INC. AND FRONTIER AIRLINES, INC. (hereinafter "Defendants"), by and through their counsel, ADLER MURPHY & McQUILLEN LLP, and object to Plaintiffs' Motion to Dismiss. In support of their objection, Defendants state as follows:

1. Plaintiffs' complaint should be dismissed <u>with prejudice</u>, and they should be ordered to pay Defendants' costs and fees because Plaintiffs have filed a fraudulent claim. Further, Defendants believe that Plaintiffs' motion seeking a dismissal <u>without prejudice</u> is an improper pleading given that Plaintiffs are fully aware that their claim is fraudulent. Specifically, Plaintiffs have been provided with a surveillance recording that unequivocally shows that Plaintiffs misrepresented to this Court and to Defendants the circumstances of the subject incident. In this regard, the recording clearly proves that Plaintiffs are solely responsible for their own alleged injuries.

EXHIBIT A

2. On May 6, 2010 (nearly three months after the alleged incident), Plaintiffs submitted a statement to Defendants, claiming that Mrs. Spitz broke her wrist at the General Mitchell Airport as a result of "tripping on a loose rug runner." (*See* Ex. A) Plaintiffs stated that "Mrs. Spitz's injuries could have been avoided if the rug had been properly maintained by [Defendants]." (*See* Ex. A)

3. On September 21, 2011, Plaintiffs filed a complaint in the Circuit Court of Milwaukee County, State of Milwaukee, alleging, among other things, that Defendants created a hazardous condition and were responsible for Mrs. Spitz's injuries[1]. (*See* Ex. B) Plaintiffs curiously changed their story about the circumstances of the incident. This time, they claimed that Mrs. Spitz, after noticing a buckled rug runner, bent down to attempt to make a repair. According to the complaint, as Mrs. Spitz was repairing the buckled rug, she stepped backward and tripped over the carry-on luggage of a passenger following her, causing her to fall and injure her wrist. (*See* Ex. B, ¶¶ 15-21) As you will see from the surveillance recording (see below), these allegations are completely and utterly false.

4. On or about February 6, 2012, Defendants received a surveillance recording of the subject incident from the General Mitchell International Airport. (*See* Ex. C – a copy of the recording has been mailed to the court) The recording clearly shows that Mrs. Spitz did not trip over a rug runner, did not attempt to fix a rug runner and did not step backward and trip over someone's bag. Rather, the recording shockingly shows that Mrs. Spitz tripped over her husband's bag. Further, the recording and the attached photographs clearly reveal that there was no rug runner involved in this incident

---

[1] Defendants removed this case on December 2, 2011.

and that Defendants bear no responsibility whatsoever for Plaintiffs' alleged injuries. (*See* Exs. C, D, E)

5. On February 22, 2012, Defendants disclosed a copy of the recording to Plaintiffs' counsel, asking that the case be dismissed with prejudice with Plaintiffs paying Defendants' $680 expenses. (*See* Ex. F) Defendants represented that they were considering filing a motion for sanctions under Rule 11 given that it was clear that a frivolous claim had been pursued by Plaintiffs.

6. On March 5, 2012, Plaintiffs' counsel responded that Plaintiffs would dismiss the complaint with prejudice but would not pay Defendants' $680 expenses. (*See* Ex. G) Plaintiffs' argued that Defendants were responsible for their own fees and costs because they had delayed disclosing the recording.

7. On March 5, 2012, Defendants' counsel emailed Plaintiffs' counsel, clarifying that the recording was only recently obtained. (*See* Ex. H) Further, Defendants' counsel again stated that Defendants would be willing to stipulate to a dismissal with prejudice if Plaintiffs agreed to pay Defendants' $680 expenses.

8. On March 9, 2012, Plaintiffs filed a motion to dismiss <u>without prejudice</u>. (*See* Ex. I) Plaintiff failed to notify the Court that there was a recording that undeniably and unambiguously showed that Plaintiffs' claim was fraudulent.

9. Given that the recording shows that Plaintiffs filed and pursued a fraudulent claim, it is disconcerting that Plaintiffs' seek to dismiss <u>without</u> prejudice. In effect, Plaintiffs' are asking to preserve their right to file a fraudulent claim at some point in the future. This is a perpetuation of a fraud on the Court and on Defendants.

10. Defendants have incurred fees of approximately $22,000 defending against this claim. Defendants have also incurred expenses totaling approximately $680.

11. Plaintiffs should be held accountable for filing and maintaining a fraudulent claim. Further, the fact that Plaintiffs have asked this Court to dismiss without prejudice, knowing that the claim is frivolous, is a fraud in and of itself. Therefore, Defendants are asking the Court to order Plaintiffs to pay Defendants $22,000 (fees incurred to defend this matter), $680 (expenses incurred) and $600 (costs for having to file an objection to Plaintiffs' motion to dismiss).

**WHEREFORE**, Defendants, MIDWEST AIRLINES, INC. and FRONTIER AIRLINES, INC., respectfully request that the Court dismiss Plaintiffs' complaint <u>with prejudice</u> and award such other relief as the Court deems just and proper.

Dated: March 9, 2012	**MIDWEST AIRLINES, INC. and FRONTIER AIRLINES, INC.**

By: /s/ Brian T. Maye
    One of their Attorneys

Brian T. Maye
ADLER MURPHY & McQUILLEN LLP
One North LaSalle Street, Suite 2300
Chicago, Illinois 60602
(312) 345-0700 (Phone)
(312) 345-9860 (Fax)
Firm No. 32597

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 9, 2012, I electronically filed Defendants' Response to Plaintiffs' Motion to Dismiss by using the CM/ECF system, which will send a notice of electronic filing to the parties of record.

/s/ Brian T. Maye